J-S28038-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CODY LEE CHESTNUT, | : | |
| | : | |
| Appellant | : | No. 1800 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 18, 2018
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s):CP-41-CR-0000994-2017

BEFORE:  BOWES, J., MCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED: AUGUST 19, 2019**

Cody Lee Chestnut (Appellant) appeals from his judgment of sentence of 5 to 12 years of incarceration imposed after a jury convicted him of aggravated assault and simple assault.  We affirm.

The following facts were established at trial.  On March 22, 2017, Appellant went to the home of Dennis Chestnut, Appellant's father, to get high. N.T., 4/10/2018, at 15.  The two went to the barn on the property and took a hit of crack cocaine, which Dennis described as being of "garbage" quality. *Id*. at 16.  The two then "rode out on [a] skid-steer" to access some logs.[1]  They loaded logs into the bucket and returned to the barn.  Both

---

[1] Dennis testified that he was a tree trimmer by trade. N.T., 4/10/2018, at 27.

* Retired Senior Judge assigned to the Superior Court.

Appellant and Dennis took another hit of the crack cocaine,[2] and Appellant told Dennis that Appellant needed money.[3] *Id*. Dennis called a log buyer, but that individual was not available to buy logs at that time, and according to Dennis, Appellant became upset. *Id*. at 19. At that point, while Dennis had his back turned to Appellant, Appellant struck Dennis, who "went flying." *Id*. According to Dennis, it was the "[h]ardest punch he ever took." *Id*. at 20. Dennis then "staggered out of the barn door," and Appellant "drug [*sic*] [Dennis] back [inside the barn] by [his] hooded sweatshirt." *Id*. at 21. At that point, Dennis felt injuries to his "face and eye." *Id*. at 22. Appellant then attacked Dennis again and "grabbed [him] by the throat and started choking [him]." *Id*. at 23. Dennis recalled being on his hands and knees and feeling Appellant punch his spine and stomp on his back. *Id*. at 24. Eventually, Appellant permitted Dennis to call his girlfriend, Patti, for help. Dennis also "agreed to lie" to both Patti and police about what happened to help Appellant avoid criminal charges. *Id*.

Patti arrived at the barn, and while Appellant was helping Dennis into her vehicle, Appellant requested that Patti "stop at the [MAC] machine and

---

[2] Dennis testified that this was the only crack cocaine he smoked, but Appellant was taking hits through the entire incident. N.T., 4/10/2018, at 41.

[3] Dennis also testified that Appellant told Dennis that Dennis **owed** Appellant money. N.T., 4/10/2018, at 18.

get him 300 bucks."[4] *Id*. at 26. By the time Dennis arrived at a local hospital, his eye was swollen shut and bleeding, and he had "a lot of pain in [his back] where [Appellant] broke [his] ribs." *Id*. at 28. Hospital personnel were concerned that Dennis was "going to lose that eye," and Dennis was transferred by ambulance to a larger hospital in Danville, Pennsylvania. *Id*.

According to Dr. DiAnne Leonard, a trauma surgeon who treated Dennis in Danville, Dennis arrived at the hospital with "evidence of traumatic injuries around the face." *Id*. at 111. After some imaging studies, it was revealed that Dennis had "multiple facial fractures around the left eye," "nasal bone fractures," two rib fractures, a "grade three liver laceration," and "an intimal tear in his aorta." *Id*. at 112. Dennis was admitted to the hospital for close monitoring of his internal injuries.

Trooper Jonathan Thompson of the Pennsylvania State Police made contact with Dennis the following morning while Dennis was still hospitalized in the intensive care unit. Trooper Thompson photographed Dennis's injuries. Dennis also provided a three-minute video statement to Trooper Thompson implicating Appellant as his attacker.[5] Trooper Thompson also went to Dennis's property to process the crime scene. Then, Trooper Thompson

---

[4] Patti testified that she did not stop to get money because Dennis needed to get to a hospital. N.T., 4/10/2018, at 80.

[5] Neither the photographs nor the video was included in the certified record to this Court.

- 3 -

procured a warrant for Appellant's arrest, and Appellant was apprehended at the home of his girlfriend later that evening.

Police interviewed Appellant, who admitted that he and Dennis had a fight the day before. Appellant explained to police that he had seen Dennis earlier that day, and Dennis "could provide [Appellant] with an opportunity to make some money to help him out." *Id*. at 140. The two smoked crack together, then "they got into a fight." *Id*. Appellant admitted to hitting Dennis once, then stated that Dennis hit Appellant, then Appellant hit Dennis two or three more times. *Id*. Appellant also told police that he "put [Dennis] in a guillotine choke."[6] *Id*. at 141.

As a result of this incident, Appellant was charged with aggravated assault, simple assault, strangulation, and unlawful restraint. A jury trial was held on April 10-11, 2018, where the aforementioned testimony was developed. The jury convicted Appellant of aggravated assault and simple assault, and acquitted Appellant of strangulation and unlawful restraint. On June 18, 2018, the trial court sentenced Appellant to an aggregate term of 5

---

[6] At trial, Appellant testified that he "snapped [his] hand offensively" at Dennis to push Dennis away after Dennis became combative and agitated after smoking the crack cocaine. N.T., 4/10/2018, at 176. According to Appellant, the two began to "tussle" and they "ended up on the ground." *Id*. at 177. Appellant testified that things calmed down until it appeared to Appellant that Dennis was going to hit Appellant with a brick. At that point, according to Appellant, Dennis tackled Appellant, and Appellant tried to calm Dennis down by hitting him in the back and side. *Id*. at 179.

to 12 years of incarceration. Appellant filed a post-sentence motion *nunc pro tunc* on July 16, 2018,[7] in which he claimed there was insufficient evidence to sustain his convictions. At argument on the post-sentence motion on

---

[7] The trial court granted Appellant's motion to file a post-sentence motion *nunc pro tunc*. Order, 7/14/2018. As this Court has explained,

> [t]o be entitled to file a post-sentence motion *nunc pro tunc,* a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing.[6] Merely designating a motion as "post-sentence motion *nunc pro tunc*" is not enough. When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc.* If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc,* the court must do so expressly. … [I]n order for a petition to file a post-sentence motion *nunc pro tunc* to be granted, a defendant must, within 30 days after the imposition of sentence, demonstrate an extraordinary circumstance which excuses the tardiness.
>
> ---
> [6] The trial court's decision on a request to file a post-sentence motion *nunc pro tunc* must be rendered within 30 days of the imposition of sentence. **See** 42 Pa.C.S.[] § 5505. …

***Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en banc*).

Here, Appellant was sentenced on June 18, 2018. On June 29, 2018, Appellant's privately-retained counsel sought permission to withdraw. The trial court held a hearing on July 9, 2018, following which the court granted counsel's motion to withdraw, appointed the Lycoming County Public Defender's office to represent Appellant, granted Appellant's motion to file a post-sentence motion *nunc pro tunc*, and directed said motion to be filed no later than July 17, 2018. Order, 7/14/2018. Both Appellant and the trial court acted within 30 days of the imposition of sentence. ***See Dreves, supra***; ***Commonwealth v. Batty***, 169 A.3d 70, 72 n.4 (Pa. Super. 2017) (same).

September 20, 2018, Appellant moved to amend his post-sentence motion to include a claim that the verdict was against the weight of the evidence, and the trial court heard argument on both the sufficiency and weight claims. N.T., 9/20/2018, at 6-18. The trial court denied Appellant's motion by opinion and order filed October 16, 2018.

This timely-filed appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.[8] On appeal, Appellant challenges the aggravated assault conviction based on both the sufficiency and weight of the evidence.[9] **See** Appellant's Brief at 5.

Challenges to the sufficiency of the evidence and the weight of the evidence are two distinct issues. **See Commonwealth v. Widmer**, 744 A.2d 745, 751-52 (Pa. 2000). Evidence is sufficient to support a verdict when it establishes each material element of the crime charged and commission of the crime by the accused beyond a reasonable doubt. **Id.** The remedy for a successful challenge to the sufficiency of evidence is a judgment of acquittal. **Id.** A challenge to the weight of the evidence, on the other hand, concedes there is sufficient evidence to sustain the verdict. **Id.** The remedy for a successful challenge to the weight of the evidence is a new trial. **Id.**

---

[8] The trial court directs us to its October 16, 2018 opinion and order denying Appellant's post-sentence motion. 1925(a) Opinion, 12/24/2018, at 1.

[9] The Commonwealth has elected not to file a brief on appeal.

Appellant first argues that the evidence was insufficient to sustain his aggravated assault conviction because the Commonwealth failed to prove beyond a reasonable doubt that all of Dennis's injuries were the result of the attack by Appellant. Appellant's Brief at 13. In addition, Appellant argues that even though Appellant conceded that he indeed punched Dennis, the Commonwealth failed to prove either that Dennis sustained serious bodily injury or that Appellant intended to cause serious bodily injury. ***Id***.

To address a challenge to the sufficiency of the evidence, we must determine

> whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 716 (Pa. Super. 2015) (citation omitted).

To prove that Appellant committed aggravated assault, the Commonwealth had to establish that Appellant "attempt[ed] to cause serious bodily injury to another, or cause[d] such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value

of human life." 18 Pa.C.S § 2702(a)(1). Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

Instantly, Appellant admitted to having punched Dennis in the fact causing his nose to bleed. N.T., 4/10/2018, at 176 (Appellant testifying that he struck Dennis in the face), *id*. at 177 (Appellant testifying Dennis's nose was bleeding). There is no question that at least one punch from Appellant caused facial injuries to Dennis. **See** N.T., 4/10/2018, at 115 (Dr. Leonard testifying that within a reasonable degree of medical certainty, Dennis's facial injuries "were consistent with a physical assault"). Dennis testified that he had to have surgery to reconstruct his "eye socket to secure [his] eye." **Id**. at 30. Prior to that surgery, but after the attack, Dennis suffered from double vision, aversion to bright light, and the inability to read because he could not hold his eye still enough to read. Shortly after trial, Dennis was scheduled to have another eye surgery because his eyelid was unable to close fully. **Id**. In addition, Dennis was still suffering from vision issues, and because he was not able to work, he was no longer in business. **Id**. at 31. Based on the foregoing, we conclude that Dennis suffered "protracted loss or impairment of the

function of" his eye.[10] 18 Pa.C.S. § 2301. In other words, Dennis sustained a serious bodily injury as a result of Appellant's punch or punches.

On appeal, Appellant focuses on the fact that Appellant did not intend to cause Dennis serious bodily injury. Appellant's Brief at 13. However, "[w]hen a victim actually sustains serious bodily injury, the Commonwealth can, but does not necessarily have to, establish specific intent to cause such harm." **Commonwealth v. Burton**, 2 A.3d 598, 602 (Pa. Super. 2010) (*en banc*) (holding a single blow to the victim's head, which caused brain trauma and fractures, constituted serious bodily injury to sustain an aggravated assault conviction regardless of Burton's intent). "Additionally, evidence that the defendant punched the victim one time is sufficient to support an aggravated assault conviction … where the victim sustains serious bodily injury." **Interest of N.A.D.**, 205 A.3d 1237, 1240 (Pa. Super. 2019).

Here, because Dennis suffered a serious bodily injury, the Commonwealth did not have to prove that Appellant intended to cause that injury. Nevertheless, the evidence, when viewed in the light most favorable to the Commonwealth, demonstrates that Appellant intended to cause serious bodily injury to Dennis by attacking him several times, even after Dennis tried

---

[10] Appellant argues that the injuries to Dennis's ribs and internal organs were caused by a motorcycle incident the day prior. Appellant's Brief at 14-15; N.T., 4/10/2018, at 60-67 (Dennis testifying on cross-examination about getting stuck in a snow drift while on his motorcycle a day or two prior to this incident). Even if that were true and Dennis was injured as a result of the motorcycle incident, Appellant still admitted to punching Dennis in the face, and the damage to Dennis's eye is a serious bodily injury.

to get away from Appellant. Based on the foregoing, we hold the evidence was sufficient to sustain Appellant's aggravated assault conviction.

We now turn to Appellant's claim that the verdict was against the weight of the evidence. The following standard is applicable.

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

*Commonwealth v. Izurieta*, 171 A.3d 803, 809 (Pa. Super. 2017) (citation omitted).

Here, Appellant argues that Dennis's testimony lacked "any shred of credibility." Appellant's Brief at 17. In support of his argument, Appellant points out, *inter alia*, inconsistences in Dennis's testimony, the fact that Dennis was high at the time of the assault, that Dennis intended to lie about the cause of the injuries, and that Dennis was the aggressor.

The trial court offered the following analysis of Appellant's weight challenge.

> The jury chose to believe [Dennis's] narrative with respect to the assault charges. While [Appellant] highlights evidence that may support his own narrative, the jury observed [Dennis] and other witnesses who testified and rejected [Appellant's] self-defense claim with respect to the assault charges. In light of the other

- 10 -

evidence in this case, including the medical testimony regarding the nature and extent of [Dennis's] injuries and [Appellant's] own testimony admitting that he "snapped" and hit [Dennis] in the face several times, the jury's decision to find [Appellant] guilty of the assault charges did not shock the conscience of this court.

Trial Court Opinion, 10/16/2018, at 8.

"Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination[.]" ***Widmer***, 744 A.2d at 753. Here, the injuries suffered by Dennis were documented and severe and Appellant admitted to punching Dennis. Based on the foregoing, we discern no abuse of discretion in the trial court's conclusion that the verdict was not against the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2019

- 11 -